Good morning, everyone. We will be hearing just one case today And that is in Ray Amir's talc America numbers 20-3 4 8 5 3 4 8 6 3 4 8 7 and 3 4 8 8 Council is your comfort level. I you can remove math Table or certainly? In speaking to us on the podium And we will begin with mr. Medlitsky Thank Your honor Like to reserve five minutes five minutes if I could granted Thank Your Honor may please the court and Tom at the seat for the opponent sures Much like a guardian ad litem a future claimants representative under section 524 G is tasked with representing future claims who can't represent themselves But who will be bound by the terms of the trust created by whatever plan the bankruptcy court confirms mr. Medlitsky you spend the first 10 minutes of your 10 pages of your brief Urging that the role of the FCR is to root out fraud and prevent mismanagement from exhausting their trust funds So to the extent that the trust funds are maximized and not spent And mismanaged and there's not fraud it reduces the amount that would come from the excess insurers. Would it not I? Don't think so your honor because I think fraudulent claims would be filed Against the insurers by current the FCR roots out fraud and prevents all that money from being spent on fraudulent claims That's to your benefit if it not if the FCR roots out fraud that would be good, that's true but the but the conflict in this case is the fact that the FCR and his law firm are Representing my clients at the same time as they're representing future claimants I'm and didn't you know that I mean wheeling pumps both mr. Shavoni on behalf of O'Melveny and also young Conaway Entered appearances in 2010 in that case and in fact appeared together before the Supreme Court and the Superior Court arguing both on behalf of excess insurers in 2015 and 2018 and at the April 26 hearing mr. Shavani Questioned Mr. Patton about this it seems to me your clients made a conscious decision Not to object based on disqualification because you knew full well young Conway represented excess insurers and you were right Alongside them all the way in the wheeling pumps case. I don't think so your honor We were relying on the disclosure, which was which was inaccurate the disclosure that young Conway gave said that it represented Some of my clients with respect to one notice I mean, we've got these cases where you're there you're standing right beside them Well your honor look as a matter of fact We did not know until the you know until the we found out based on supplemental disclosures But but in any event that this is a waiver question, right? This is a waiver question and that way There's a question of whether you knew the facts that would give rise to disqualification Right for two months and when you raised an objection, mr. Mr. Shavani himself, and he's the one who conducted the hearing Questioned mr. Patton for 44 pages basically, right? Why shouldn't we say you consciously? Waved it Forfeited it by not raising because that was a question that was a question for the bankruptcy court to decide and the bankruptcy court Decided it the bankruptcy court recognized that it had not asked for supplemental disclosures But then it said that nonetheless because the supplemental declaration that is mr. Patton's contained further disclosures on the debtors motion I will address the new filing now if if they had an argument that that was an abuse of discretion for some reason they could Have made it but for example, if there was some claim processing rule, let's say that prevented the filing after this That you did we're not on notice of this because basically mr Shavani's questioning shows he knew that that young economy had represented national again, your honor We weren't on notice from from the disclosure But our submission to the court is our main submission to the court is it was the bankruptcy courts decision whether it was going to allow A an objection after its own internal claims management deadline and unless that was an abuse of discretion That that's the opinion that this that this court is reviewing. It's reviewing the district courts Decision only de novo, right? It's it's reviewing the bankruptcy courts decision for abuse of discretion. Well speaking of the bankruptcy courts obligation Why why wouldn't there be waiver here? Based upon the waivers given by the excess insurers here It's up to the bankruptcy court to to look at this and assess it and it did right So I mean a few reasons first of all, we think the proper standard that should be a block applied to an FCR It's something like a guardian idol item standard a fiduciary standard where the where the FCR owes a duty of undivided loyalty And so if you court found that that was fulfilled here, right the bankruptcy court we think applied the proper legal standard We think it applied it incorrectly first because we don't think the waiver applies by its terms But second because we don't think this is the kind of conflict that can be waived For two basic reasons. First of all, if you look at for example, 327 a Of the bankruptcy code which applies to Professionals like hired by the trustee like an accountant or something like that this court held in congoleum But that kind of conflict an actual conflict couldn't be waived and second of all under rule 1.7 itself The only the only time you can have a waiver The only way a client's waiver can be effective is if both sides wait and that's obviously not possible In this kind of situation when you have an FCR, that's I'm setting 1.7 before and so we think we think just as a matter of law this kind of conflict waiver Doesn't apply it doesn't cure the problem of a disloyal fiduciary bankruptcy court on it wasn't an actual conflict Are you arguing that it's an appearance of conflict problem or that the bankruptcy court got it wrong? Well, no, it's definitely good to the extent that the bankruptcy court found It wasn't an actual conflict for any reason other than the waiver. That's definitely wrong because the Young Conway was representing my clients in in Warren pumps and it's adverse to my client The FCR is adverse to my clients in this case the district court relied on this ABA opinion Which has to do with a totally different circumstance where if I'm if I'm representing an insurer and a different client comes to me and Says can you represent me in suing company X and company X has a policy written by the same insurer? That's not a direct conflict Even though the insurer would rather company X win so they don't have to identify them The liability makes a distinction between economic adversity and actual adversity, but this is actual adversity The FCR is actually adverse to the insurance companies in this case the FCR higher So the FCR well because the insurance companies according to the the plan that the FCR negotiated are going to be transferred to the trust and So the FCR is going to be going after the insurance policy directly not indirectly Really that the trustees the top trustees have the power to sue the insurance companies. Well, yes But they are under the truck. Well, the FCR has has the power to Help negotiate the plan and it has the power to make coverage arguments, which they are already made I mean they hired special insurance Does the FCR have the power to sue well the FCR problem? I I don't see why the FCR couldn't bring an adversary proceeding in bankruptcy just like any other creditors representative But the debtors the debtor has the relationship with the insurers does it not? Well the debtor well, that's that's a disputed question actually in this bankruptcy because the emirates is not actually the insured the argument is that the Policies were transferred to emirates But the and we think that was without that ability without that direct conflict that you had in Congolian and Pittsburgh Corning Really is an economic adversity. Is it not? No, this is direct adversity again, but they hired insurance counsel Special insurance counsel the FCR did they hired the Gilbert firm they deposed The insurers in this case they opposed our motion to lift the stay on the ongoing California coverage action because they want I guess the coverage questions in this case decided in this bankruptcy they negotiated a plan that's going to transfer the the Our policy they're looking but as you point out their main objective is to preserve Whatever comes in whatever the debtors and the top trustees are successful in obtaining. It's to preserve for the future claimant They'll take the benefit of whatever Insurance proceeds are brought in by the debtor or the top trustee. Let me ask you something else We the cases that you rely on whether it's disqualification There's a lot of detail about what counsel actually did in the proceedings that presents a conflict and they did this XYZ We have nothing about what counsel did in in Warren pumps. We have mr. Moose declaration of Certain things that are similar But we have no affidavit from anyone from the effects ex insurers saying these are the things they specifically did for us that give rise To the disqualification. This is the instance in which they gained strategy, etc. So we have nothing We have an objection that is pretty much all over the lot, but doesn't give us any information okay, what is it that they did that gives ride to the Disqualified. Well, so first of all, you don't need any of that kind of detail under 1.7 a so for example in Congolian and Recording and the like you don't have that I'm talking about Information that would give the bankruptcy court the ability to kind of have an aha moment of saying oh, well, we can't let this happen because X and as a bankruptcy court said the objection is a Lot of it's largely irrelevant Well, it's not irrelevant in the sense that if you think that the that the FCR has to have a duty of undivided loyalty Like a lawyer would then and the FCR is in fact a lawyer rule 1.7 applies and rule 1.7 a 1 just doesn't require any detail. So long as there's actually actual adversity Well young Conway is acting as its capacity as a lawyer and we've cited cases in but you're not challenging here young Conway You're challenging mr. Patton himself. Well, we are challenging young Conway. I mean on the first in the first sentence are of our objection This is GA 939. We objected to quote. Mr. Patton and young Conway, but Separate from that if you look at the cases cited in footnote 14 of our reply brief States routinely apply rule 1.7 to guardians ad litem because after all they are lawyers and even if you don't think that rule 1.7 applies sort of directly Certainly the the fiduciary standard would require a similar or you know a material materially identical standard if not a higher standard for a fiduciary whose Only job is to represent the interest of future claimants who aren't there like imagine a class representative who's not a lawyer right if a district court if a district court Certified a class where the class representative was in any way in any way adverse To absent class members. I assume that this court would reverse summarily because it would just be a per se violation Let's say that we are under 1.7 a and that we believe that there is no direct adversity Then shouldn't you have told us how there is a significant risk that the representation will be materially limited Well, I think we I think we did tell you because they represented warm pumps and issues that are exact almost identically the same Identical so let me just give you one example. Yeah, who's saying that we have We have some briefs, but we have nothing. No, mr. Mr. Moot said that he said he said that there as here More than one corporate entity asserts a claim to insurance policy proceeds. Okay, so that so that issue is central Okay, this issue insurers have contribution rights. Okay, there are issues raised regarding whether excess policies or defense obligations, right? About how young Conway there were what 40 excess insurers in that company Well, presumably young Conway wasn't involved in in that. We don't know presumably we can't well I think you can infer that the lawyer that spoke to their client about the issues that were before the court Confidential other lawyers were doing we don't have anything to go on but all of that would be I mean I don't think we have the obligation to to provide privileged in for disclosed What they what were they involved in specifically in that case let's say there are issues doesn't tell us there There are no cases where it says there's an issue. It says they did X on behalf of this client Therefore they can't do why well again your honor. We think we think there's an actual console a conflict pretty clearly But even if you don't I think you can impute that a lawyer Works on an issue for their client and learns confidential information learns the clients views about You know the the merits and demerits of the argument they can use that information in a lot of accuracy cases where there were 20 lawyers a lot of time. All you did was report what everybody else did you really didn't get involved? This was a coverage case Then why is the the the court blows Chinese wall separation between the parties not enough? I presume your answer is because this is a fiduciary But you choose to hold a higher standard you keep switching back and forth between two ways looking at the optical illusion You say oh my clients are prejudiced But if we don't buy that your clients are prejudiced here And they were sophisticated parties who chose to waive it you then turn to the interests of the future claimants But it tells us a lot that the future claims Representatives on the other side that the trustee hasn't filed anything and that the bankruptcy court Which is in the best and most objective position to assess who's being hurt is not complaining here It brings a little hollow to hear that your sophisticated clients are actually the ones who are looking out for the interest of their adversary Well, so your honor that's I don't think that's the right way of looking at it The conflict directly affects us because it's after all my clients lawyer That's now adverse to them But we are raising legal arguments that are legal doctrines that are developed in part to protect absent absent parties But that's exactly the same thing that happens in class certification cases a defendant will come in and say judge You can't certify this class because the plaintiff doesn't satisfy the typicality or adequacy of representation Requirements in rule 23 a those those requirements are there to protect absent class members especially the adequacy requirement the whole point is if the plaintiff is inadequate he's going to bind absent class members and They're going to be collateral we stop from suing the defendant if that happens I'm sure the defendant would be very happy But I don't know anybody that has ever said that the defendant can't raise rule 23 a objection based on a rule that was designed to protect absent class members because the district court has a Responsibility to make sure that absent class members are protected and the defendant is the only one to raise those arguments How many of the extras there are other people out there and the defendant also has an interest in making sure that the ruling in That case is in fact going to grant the defendant complete relief in the case, right? That's not an issue here So why shouldn't we trust the bankruptcy court? Which is closest to the facts as long as it's applying the correct legal standard to weigh whether in fact the class members Future class representatives are being adequately taken for well for two reason I mean first of all I think that any abuse of discretion standard is channeled by law and if you think of fiduciary standard applies Then it would be an abuse of discretion to a point in FCR That doesn't comply with a standard duty of complete loyalty. But second of all, I'm not sure. It's true that the You know our client Wouldn't would have respite no matter what because if a future claimant shows up 20 years from now and says It turns out I was represented by a conflicted fiduciary And now there's no money left in this trust because and this guy wasn't looking out for my best interests I'm not sure that there wouldn't be a due process right to collaterally attack the trust. That's the whole reason Standing I mean certainly you could raise for the for the bankruptcy or court to consider You know a conflict or potential conflict is an ethical matter and it's something that the court could take up, right? but now we're talking about that the jurisprudential limitations on appellate standing yeah, and why I think the argument you're making now seems like what we're back in the in the realm of federal insurance the grace with sort of four times remoteness where we're Considering the traveler standard and all of the things that would have to happen for that to come about Why is your client the right person to raise? the purely Fiduciary concern putting aside the waiver issue. So I think well, I think those things are tied together but but the reason my client Do I understand correctly that only two of your Clients that you represent were actually involved in Warren pumps and signed waivers. That's right So the other is this their standing is based entirely on their their purported Representation of the interests of future claimants. Well, I mean, I think there are two arguments on standing one is just Congolian says that in insurers or really anybody have standing to raise an ethical conflict because nobody especially insurers and especially in a bankruptcy because Nobody else would raise them up. The debtor is not going to raise them the current claimants aren't going to raise them they all negotiated the plan, but There it was. It was a special Agent who was under consideration here the trustee is in a position to raise issues about the FCR and in fact Made some noises about that before the bankruptcy court right, and there were the two others who because they also have the the perspective waiver issue have a Unquestionably have standing so why why do the remaining insurers have standing? Oh well, so long as the two that have that were the clients of Young Conway have standing which I think is they have to have standing as long as one party has standing You know, they're standing to resolve the issue So I'm not sure why the other insurers would have to have standing but I think the answer is Congolian anybody has standing well in part because when when we are making decisions about the Resolution of a case we're thinking about both this case and how those principles might apply going forward Sure, so are you conceding that those who did not sign perspective waivers lack standing to proceed? solely on the basis of concerns about conflicts for Future claimants definitely not we're not conceding that because we think that's the square holding of Congolian, but but in this case They're standing no matter what because obviously when when we are advert one any of my clients are adverse to their their own lawyer They have standing Congolian put some limits on that including where there might be an interest on the part of someone else to bring To raise the objection, right? Why isn't that true for the trustee when it comes to? This sort of conflict or potential conflict for an FCR Well, the US trustee did raise an objection before the before all the disclosures Doesn't that just drive the point home that there is someone else? To raise that that objection and that was one of the considerations in Congolian But I believe there was a trustee in Congolian to I mean the point of that I think the point of that case was that anybody has not just the right but a duty to raise an ethical conflict It's true that the court noticed that insurers were in a particularly good position to do so because other Parties to the bankruptcy wouldn't and I again, I think that's true here, but I don't think that was necessary for the decision I think just as a general rule of law Everybody has an interest in an unconflicted process because a conflict of interest is just a malignancy on the process Generally, and that's especially true in bankruptcy and and I would hope this court doesn't retreat from that general holding of Congolian But in this case, I don't think there's any possible argument that at least two of my clients have standing And so I think the court has to Has an obligation to resolve the issue. I'm not even sure I understand the standing argument what do you think happens here if we were to accept your argument as to Patton number one and young Conway number two, I Think the bankruptcy court would have to replace them and appoint a new FCR. And what would that do to the proceeding? I mean that that kind of thing happens all the time. I think the new FCR would presumably look back and See if he thinks anything needs to be redone, but as a general matter the proceeding would just continue would continue I mean that happened it's left to do in the case. There haven't even been objections filed to the to the plan yet So there's but but all the litigation is over. Is it not the insurers? We don't know Final judgment has been entered. Oh Final judgment has been entered at there. There may be I don't know if they're going to be contribution actions or anything like that But finally judgment as to Warren Thompson have been ever but in this case, there's certainly more to do I thought confirmation was scheduled to schedule for the fall It's current the hearing is currently scheduled for the fall and I think objections are due to be filed sometime in October, right? Because what if I could go well over time And I'm sure I could think you can track of it Why don't we just add on and that we've already gone some into it 10 minutes and let us know when we reach the end of? from the end of Where we were we were at the red light Thank you Why don't you add five minutes from now if you don't have time No to appellate time, I think I think we still have some additional questions for you. Oh, I'm sorry. Okay Sure So, I'd like to get your thoughts on the appointment process and With with concern for future prepackaged bankruptcies And if if there is a standard that precludes a prior relationship with With the debtor what effect that would have on the ability to move forward efficiently with a prepackaged Bankruptcy prior relationship with the with the debtor pre-petition The pre-petition engagement here. Yes. Oh Well, so is that the question so the prior relationship is with the insurers in this in this case and it's not a prior relationship it's a current conflict your initial objection in the case has to do with the fact that there was pre-petition a National competition the debtor right? I mean so so I think that the the the debtor Needs to find a an unconflicted FCR and certainly the bankruptcy court shouldn't be able to appoint a conflicted FCR I mean they didn't Disclose the the fact that they were that they were hired by by the debtor pre-petition here You you raise and let just let me make sure I understand It's not an independent objection on your part fan that the FCR that was put forward Had that prior relationship and was working with the debtor pre-petition No, no The objection is that that when they were the FCR even pre-petition post petition was representing Two of my clients and that should never that should never have happened if if that had been disclosed we would have objected But they didn't disclose the conflict pre-petition. Obviously, they eventually disclosed it post petition and we objected But they did disclose that they represented National Union. Did they not? Pre-petition. Yes It's declaration. Mr. Mr. Patton and and in Warren Pulse said I don't think so No, they said young Conway represented National Union fire insurance company of Pittsburgh, etc In insurance coverage disputes that relate to environmental liabilities including asbestos claims Right unrelated to tap points, right? So that I believe that was post petition once he was put up for to be the Application and its initial filing right and we think and we think that that every way 27, right? so so there's a dispute about whether that notice yes, because because the Warren pump had nothing to do with environmental liabilities environmental liabilities Including asbestos claims is like a circle of claim where there's an National Union the the blue beavers should go off and you call National Union and say yo What where did young Conway represent you? Wouldn't that be logical? You say yes, mr Your honor. I think that the burden is on them to have an accurate disclosure But in any that this was a question for the bankruptcy court if the bankruptcy court Decided that it didn't want to hear an objection in in May It could have decided that but instead it decided to hear the objection So, you know, I'm not sure what else what else did but the district court found forfeiture based upon the fact You did right but the district court the only way the district court could have found forfeiture when the bankruptcy court didn't is if the bankruptcy court Had abused its discretion by extending its own internal deadline. It's case management deadline There wasn't someone could have an additional reason and it wasn't it But it's all but the district court's only reason was that we waited too long to raise the objection and the bankruptcy court Rejected that argument if there were some legal rule that Let's say a claims processing rule that so long as the other side raises it precludes a court from allowing an untimely filing then I would understand what we what we were talking about when they say when the bankruptcy Court said that we waive the objection, but there is no such rule. This was just an internal case management deadline The district court has plenary discretion over those kinds of things So I don't think the bankruptcy court had the authority to decide that the that the bank Excuse me, the district court had authority to decide that the bankruptcy court had You know had Abused its discretion by extending that deadline Can't go back to the process for a second because we're looking at what? Various courts have done in the past some as in you and are You don't have taken the position that it's initially a province of the trustee to put forward a proposed FCR that they have first dibs at it and then others can can make their proposals Others have left it open where the debtor makes the proposal in the first instance What is your position as to what the proper process is under 524? So I'm not sure that question goes directly to our objection in this case But I think we probably agree with the US trustee that other Candidates should be considered that was the US trustees Position in this case and it's been the US trustees position for a while It seems very strange that the debtor would be the only one that puts up a candidate But in all circumstances No matter who puts up a candidate the bankruptcy court in our view abuses its discretion by choosing a candidate who's Conflicted after all there plenty of people that aren't conflicted. So the bankruptcy court should choose one of them I don't believe so One one other point on on the on you mentioned you and are And I think the other side relies on on you and are for the for the standard And I think I think actually the right model is John's man bill because in that case the the You know, the proto FCR the legal representative was actually meant to bind future claimants and their judge Lifflin explained that the only reason why that was allowed is because the legal representative was akin to a trustee or a guardian ad litem acting as a fiduciary for their interests In you and are my friends on the other side cite an opinion Early were in the process saying that rejecting a guardian ad litem standard, but with respect I think that's fairly misleading because that opinion was written by the district court about three years before a legal representative was Appointed two or three years and it rejected the appointment of any legal representative For it just thought it didn't have the the ability to do that And so when it said I also don't have the ability to point in a guardian ad litem That doesn't really tell you anything because again it rejected any kind of appointment after some tortured procedural history a few years later The district court seemed to change its mind sent it back down To the bankruptcy court at which point the bankruptcy court said it would appoint a legal representative, but that legal representative was very different Than the one in John's mando and in the one that was eventually Adopted by Congress because it seemed that the bankruptcy judge in you and are Expected that the future claimants would actually show up at some point and then they would be treated as Ordinary creditors and so and so the court held that the primary task of this legal representative I'm quoting will be to advise punitive asbestos disease victims of Dependency of and their interest in these proceedings So I don't think you and I was conceiving them of somebody who would actually bind I'm conceiving conceiving of the legal representative Which is why it's totally unclear from the opinion what standard the court thought would apply at some point He calls it a meet an amicus curiae at some point He uses the word disinterested the other side thinks he's invoking the definition from the bankruptcy code I'm not sure that's true, but at other points. He says the the Powers of a creditor creditors committee under 1103 and of course under 1103 be a creditors committee representative Can't be conflicted. So I'm not sure there's much to get from that case. I think Okay, thank you Good morning, your honors may please the court. My name is Ramon Martinez. I represent Imra's and my colleague. Mr Heron is here representing. Mr. Patton Your honor. There's a lot going on and a lot of great questions in this appeal. I just wanted to start perhaps by directly addressing Your honors question about the practical consequences of actually disqualifying patents I think it's it's very important. It provides the context for this decision If this appeal succeeds the result is going to be to upend a bankruptcy proceeding That's finally coming to the finish line after two and a half years of very intense work a new FCR as my friend. Mr Movitzky Agreed would need to be selected and approved This wouldn't necessarily be easy because as your honors were just discovering no other FCR was proposed in the first place So that would take some time Be vetted approved once the new FCR comes into office that FCR to do his job or her job Would need to conduct a very thorough due diligence into all of the issues that have come up in the bankruptcy This would take a lot of time and it would take a lot of expense In addition, you know, the purpose of the FCR is to actually play a meaningful role in all of the discussions all the negotiations we now have a plan of reorganization that is before the Before the bankruptcy court for approval that FCR would need to re-examine that plan of reorganization and Decide whether to renegotiate one aspect of it two aspects of it the entire thing But that may be true, but there are principles at play here Disqualification and conflicts are taken very seriously, especially in the in the context of the bankruptcy Your opponent says well, you know patent a young Conway. They're deposing excess insurers Aren't they adverse and shouldn't shouldn't this be the touchstone not the consequences as difficult as they may be So I think there are a couple different points there and I think the three most important things just to take them off number one There was a clear forfeiture here They didn't raise this objection on time Number two the engagement letter unambiguously waived the conflict and it was geared towards exactly this kind of proceeding And number three with respect to the argument that the insurers are the ones who should be able to defend the rights of the future Claimants that if that is a novel argument, it's never been accepted before and for good reason And so let me just go Liam standing. It's very broad and anybody can bring this to the attention of court The fact that you know, it seems highly unusual that they're doing this. Nonetheless Congolians language is pretty strong that you know, we're happy to have these things brought to the attention of the courts I think that's fair. Although I do think that Congolian didn't disown the aggrieved person standard I think what it said in that case was that the conflict was such, you know That case of course involved someone who is super conflicted because he was representing two two different parties in the bankruptcy itself That's not there's nothing like that here But I think Congolian sort of maybe stretched the concept of aggrieved purposes a grieved person I think this case would require you to really extend Congolian Because of the fact that the conflict here their entire theory of the conflict that the insurers are raising is that this? Mr. Patton is not going to be able to represent the future claimants because he's going to be too favorable to us to the insurers He's going to do he's not going to do a good job of taking all of our money and giving it to the future claimants I mean that is an argument that doesn't make a lot of sense and doesn't really pass the straight face test They're saying that that young economy got privileged or confidential information. I mean, I'm not 100% sure what they're saying. But if that's it Well, that's their argument based on their own conflict Which they waived their argument based on the future claimants Even if it were true that they got some sort of privileged information, which we don't know anything about as your honor pointed out There's no record on this But even if that were true that would actually help the future claimants in theory And so their theory is it wouldn't hurt them And so with respect to their theory that that the insurers need to be the ones to to stand You know a fourth that barricade and defend the rights of the future claimants because otherwise Otherwise, you know the Mr. Patton is going to be too favorable to them to the insurers Why isn't the interest really just defending the integrity of the bankruptcy process? Because fast forward, you know a couple decades and if someone's coming forward and successfully bring the due process claim That's really not in the interest of parties or the institution of bankruptcy court No, I think that is that that's the point that's made I guess a couple things first of all You have a bankruptcy judge who is ideally positioned to defend the integrity of the process and in that Bankruptcy judge is going to be backstopped by the US trustee There was discussion about the objection that the US trustee made I think it's notable that the US trustee then Acceded the objections that were made had nothing to do with what's at issue here and the US trustee is not here Advancing the same argument that the insurers are arguing about about the you know, this potential conflict involving the future claimants I also think it's really important to look at the nature of the kind of the asserted conflict here and just let's put ourselves in the shoes of the future claimants The Fairbanks opinion which we disagree with because it we don't think the guardian ad litem standard applies But I think it actually has a very helpful formulation of how to think about these issues It basically says the bankruptcy court needs to figure out Is this the kind of person that the future claimants themselves if they were here would want to appoint to represent their interests? So it's a kind of practical considerate, you know analysis and here look at the conflict that's being asserted here We're talking about the Warren Pumphs case all of the substantive issues in the Warren Pumphs case were resolved in the trial court the Delaware trial court in 2014 they were resolved by the Delaware Supreme Court in 2016 years before patent came into the picture if you look at the billing records from young Conaway from 2017 until the present day is cited in a footnote in their brief. You're a grand total of $17,000 where we're spent on young Conaway in the Warren Pumphs litigation in addition to that we have Uncontroverted evidence in the record that neither. Mr. Patton nor his team from young Conaway That's working on this case had anything to do with the Warren Pumphs case and on top of that You've got an ethical wall. This is exactly the kind of maybe even if it's an arguably a technical conflict here It's exactly the kind of confident conflict It's irrelevant and that in real in the real world real life clients are not going to care about this And so if we step back and we think the purpose of this whole inquiry is let's figure out What's best for the future claimants the future claimants would not be bothered by this conflict now, but say we're thinking about a Heightened standard I call it guardian ad litem or something to it Does that necessarily include an appearance of conflict? Standard as well and So, how would that apply in a situation like this? Look we think as a formal matter the guardian ad litem standard doesn't sort of technically apply frankly just to be clear I do think that the labels are a little bit are less important What really matters is the question of is there a categorical disqualification rule or not? And even in the guardian ad litem context different states have different rules that govern that question My friend on the other side points to New York Which which according to the case the seaside say that that you know A court can't waive a conflict and appointing a guardian ad litem But if you look at Virginia the Virginia legal ethics opinion, I think it's 1725 Actually says that you know in a circumstance in which the the the proposed guardian ad litem might have a conflict The court should be the one who should look at it and figure things out We think that's the more common-sense approach Especially when you're dealing with such a technical and irrelevant conflict as the one that's asserted here But is that to say that that a court we should not weigh in on What the standard is and just leave that to bankruptcy courts to deal with in their discretion So I think that I think you have a couple options your honor I think the most straightforward way to resolve this case is on the forfeiture ground which would allow you to leave that to the side And I think there are ways you can resolve it Even if you get to the marriage without setting out the standard if you want to say something about the standard I would just respectfully suggest three principles that you announced and I think would give a lot of guidance I think the first principle would be that when appointing an FCR the bankruptcy court should look for someone who is competent Independent diligent hard-working able to do the job. I think that's pretty straightforward I think both sides would probably agree to that The second principle would be to say that conflicts need to be looked at very closely But you can't you need to preserve the safety valve that rule 1.7 itself creates And that safety valve allows for waivers And the reason the safety valve is there in 1.7 is because there are a large number of conflicts that are technical conflicts that really don't have any bearing on a case in the real world aren't going to make a difference and rule 1.7 recognizes that Even if although we have a broad rule against conflicts We're going to have the safety valve so that a client can waive now in the future claimant situation It's a hard because the future claimants aren't there. And so in this particular context, you can just you can sort of Carry over the rule 1.7 safety valve principle, but say that the bankruptcy court should be the one to make the determination That's kind of like what Virginia does in the guardian ad litem context. That's kind of like how District courts operate in the context of class actions So that's my second principle is, you know Look at conflicts very carefully and take them very seriously But also allow for a safety valve and then the third principle is just reaffirmed Reaffirming the importance of the bankruptcy court in this process the bankruptcy court is closest to the action sees the evidence knows the bankruptcy law and the kind of issues that the FCR is going To need to deal with and is ideally positioned to make the ultimate judgment about whether the FCR should be appointed I think those three principles. It's not you know, it's not a hard and fast rule But I think that would provide a lot of guidance to Bankruptcy courts facing these decisions going forward that third one just begged the question you want us to driver to bankruptcy courts How does that give guidance to bankruptcy courts like whatever you do we're going to affirm it I mean there have to be some limits here. What's the relevance of you know, the sophistication of the parties? What's the relevance of the number of alternative people who have this expertise? I mean it does seem you know You and your friends on the other side of a disagreement here about how important was it to a point, you know Pat and young Conway here Well, I think your honor I think those I think those are absolutely valid considerations And I think they would play into the first two principles that I laid out I I like I like hard and fast rules and this is not a hard and fast rule But I think this does kind of would channel the discretion of the bankruptcy courts in a way that would be helpful It would clear up some of the confusion. I do think just to address your specific points I think that when a bankruptcy court is for example assessing a waiver question. It's perfectly Appropriate for it to consider the sophistication of the parties if the bankruptcy court is trying to figure out whether to take out You know take mr Patton who is recognized as the preeminent FCR in the country and take him off the field entirely I think the bankruptcy court should reasonably consider what the alternatives are because it doesn't Sophistication. I mean under 1.7, even the waiver requires consent of the other party How about the sophistication of the future claimants is it, you know, is it up to Patton to say? Oh, this is just fine, or they're they're an unrepresented party at the table, right? How do we say the waivers? All right, I would I would not say that that in deciding whether to appoint patent He should be the one to say that, you know, he waves the conflict guys to himself. I think that the more Straightforward and commonsensical approach is to say that in those circumstances We got to trust the bankruptcy judge because the bankruptcy judge is independent It's in the middle of the process It can you know It can ask Pat and all the questions at once it can ask the parties the questions they want and it can make it a reasonable Judgment on behalf of the future claimants. Let's go back to the criteria. We're identifying that that first Factor you that you laid out. I mean competence and diligence. It sounds a lot like The standard of disinterestedness What about loyalty? What about a fiduciary duty? What about independence from other parties? I'm if I didn't mention those I think those are in there as well. I think loyalty and independence are important I think the one the one sort of and that starts to sound a little bit more like some of the Considerations that we hear in the Guardian and light of case on I want to be very clear if there were a situation just a hypothetical Situation where a proposed FCR was being was was coming up and he sort of satisfied the technical disinterestedness that standard But the bankruptcy court concluded that he was not going to be loyal and he was not going to be independent Of course that person should not be appointed. So those are absolutely valid considerations to play into this I think what we need to be a little careful though is in saying, okay Well, we're going to borrow this Guardian and light of concept that doesn't directly apply that the code doesn't require and then not only we're Borrow a bunch of case law from the state of New York that then says and this means you can you can never There's a categorical disqualification rule and a court can't overlook that I think that's the real problem and that's why I think the labels don't matter as much as the principles and although I think Loyalty and independence are extremely important and a bankruptcy court does need to be a hawk and look out for conflicts I think a bankruptcy court also needs to be able to exercise common sense and when Confronted with the kind of technical but irrelevant conflict at issue here needs to be able to say come on You know a client would waive this conflict because Warren pumps is over is essentially over you know Young kind of ways participation is minimal and the people who are going to be involved here don't have anything to do with their Representation to one pump. That's just a common-sense solution to what is otherwise a somewhat tricky theoretical problem Put the the label aside. Is there any reason why the standard here should be any different than that for a creditors committee For example and members of a creditors committee who also have fiduciary duties Your honor I would just resist the urge to just sort of Import wholesale a different standard because I think that there it there may be unintended consequences that come along with doing that It seems to me that the code We're we're thinking about The standard for the legal representative of a future claimant why shouldn't we look to what the bankruptcy code in the case law have Already developed when it comes to the legal representative of current claimants, right? well I think that I think that if you're going to do that I think the best place to look would be at The disinterested in a standard that applies to the appointment of the trustee And so we think if you're going to borrow that's the most sort of logical place to go But the trustee doesn't represent a group of claimants per se, right? it's it's it's loyalties are to the entire state and You including looking to the debtor and the fairness and equity of right and mr. Patton is not representing So he's not serving as a lawyer, but he's standing in the shoes essentially as the alter ego And so I think the trustee is essentially the alter ego of the estate Patton is the alter ego of a certain set of future claimants Why why isn't the best analogy to the legal representative of a group of current claimants? You mean like their lawyers like this committee? Yeah, I think that to the extent that that imports in the 327 and a categorical disqualification rule I think that it would lead to bad results for future claimants and just stepping back again If we look at the questions question the way that the Fairbanks court posed it is we need to pick a standard here and have An approach that is going to essentially answer the question of who would the future claimants want to hire? I think if you import a categorical disqualification rule from section 327, which on its face, of course doesn't apply here What you're going to end up doing is you're going to have way too many disqualifications And that's going to lower the quality of the FCRs. Generally. Let me just illustrate this in this case their categorical disqualification rule Would mean that any person Who is at a law firm of any of the insurers not just the two that are at issue here? but any of the insurers that were listed in the disclosures there are a hundred and Eleven different insurers that are listed in patents disclosures that anyone in any law firm associated with that Those are insurance all those insurance companies any law firm that ever represented those insurance companies in a coverage dispute Completely off the table now, maybe we could think okay We should we can just pick a hypothetical FCR from some other place But that place doesn't always exist And I think the Fairbanks court really give a very clear and helpful explanation of why in that case Patton was the best of the four people who have been put forward but why in general it's really important to have knowledgeable expert FCRs And I think if you go to a rule that is going to make it harder for future claimants to get that kind of expertise It's just going to hurt their interest in the long run and there's nothing in the bankruptcy code that requires that result There's nothing in common sense that requires that result We should treat the the representative of the future claimants and think about the conflicts and waiver questions in the same way That we would think about them if we were the future claimants And I think in a circumstance like this where the con the alleged conflict is very technical and very irrelevant We would not think that this is a problem in real life And if that's true for us, we shouldn't make it impossible for the future claimants to be represented by someone of mr. Patton's caliber and experience But can you talk some to the appointment process sure how how from your perspective that should work and You know, we're perhaps oddly. We don't have you know, even as amicus that the views of the trustee from Your honor Yeah, look out. I just said a very general level I think I agree with my friend that that that question is not really presented in the appeal Although obviously you all can say whatever you want about it. I do think that in general It seems to me that the bankruptcy code itself is pretty silent on exactly the process It seems like there's no impediment in the bankruptcy code to allowing multiple Individuals to come forward or be nominated by any party in interest And I think that under the principles the three principles that I set out earlier I think it's at that point what the bank a bankruptcy court could well do is solicit applications or Suggestions and then look at who's on the table and then you know Bring them in ask them questions look at their declarations and then they exercise reason discretion And so I I don't think we have an objection to that And so there's certainly nothing we've said in our briefs that would suggest that The debtors always need to be the only one who's allowed to nominate You when in referencing 1.7 you were talking about there the potential for waiver Do you concede that 1.7 should apply to a lawyer who's acting in an FCR? I don't think so your honor I there's nothing in the code that requires the FCR Himself to be a lawyer and if that's true It seems odd that that there would be some sort of formalistic rule that 1.7 would apply I think you know, it's also notable that that that That for purposes of you know 10114 the definition of disinterestedness it talks about having an interest and talk about representing an interest If that sort of supports the idea that the FCR Doesn't necessarily have to be a lawyer that we're not we're not sort of worried about applying the same conflict rules That said though I don't want to I don't want to make too much at this point because I do think it's a fair consideration In all candor for a bankruptcy court to consider whether the person is a lawyer or not whether rule 1.7 Technically applies or not Of course It's it's appropriate for a bankruptcy court to consider if there's a real conflict and the bankruptcy court thinks this person might not be Actually independent in real life perfectly appropriate to consider that you just think that in in these particular particular circumstances That's just not a concern because this is such a fake conflict or fake Even if it's an actual conflict I don't think it is but even if it were An actual conflict as a technical matter, it would be so small and irrelevant and of course with respect to their own rights It's been waived Or forfeit. So it looks like some courts and talking about I mean they label it the guardian ad litem standard But this heightened standard have distinguished that as an appearance of conflict Appearance of impropriety versus the actual conflict standard that would go along with disinterestedness Do you agree that if we were to? take the approach of a heightened standard something akin to that involving a creditors committee that The Appearance of a conflict would be disqualifying. I don't think you should apply a categorical rule I do think I don't think there's anything in the code that would prevent the bankruptcy court from considering whether there's an appearance of Impropriety, so I'm not but frankly, we haven't taken a position on that in the brief I do think that the key principle that I think is extremely important is that there can't be a categorical Disqualification rule at all here, but certainly not based on appearance of impropriety, you know, as this court has said many times If you have only a potential conflict or if you have a appearance of impropriety type Concern that's not a basis for automatic disqualification and we do allow waivers And so I think whatever you do, you should not import the most important thing is not to import a categorical disqualification rule So see there's room for waivers like the ABA ethics opinion, but even there that that opinion Noted that a situation where counsel had to take discovery from their own clients May cross the line. Why don't we have that here? Well, I think at the time of the appointment you didn't have that here. So at most it was a potential conflict I think even that what that opinion I think also says is that even in those circumstances, it's not an automatic Conflict or an automatic disqualification rule, but rather a court needs to look at the nature of the discovery and here I don't think that the nature of that discovery has been entered into the record But my understanding is that it was frankly It was it was sort of basic information was being requested and it wouldn't be the kind of thing that would Trigger a conflict but certainly at the time of the appointment this would have been at most a potential conflict which wouldn't have triggered any sort of categorical disqualification Did you agree that the the fact that Warren pumps is not ongoing? If there if there had been over the course of these past couple years an actual conflict that that there may still be grounds for Unwinding the I don't think so because I think that the waiver if you're asking to assume an actual conflict That was live for a number of years I think the waiver clearly would have covered that the express waiver in the engagement letter You know, we could reproduce the language of pages 40 to 41 of our brief. We think that that language You know if it doesn't cover this case It's hard to know what it covers the express purpose of that language was just to cover the ability to do in kind of way to participate in 524 G asbestos related bankruptcy proceedings Both parties knew this they're sophisticated parties the district court I think pointed this out or the bankruptcy court pointed this out pointed to the fact that That the insurers had previously participated in 524 G cases They knew what they were getting into when they signed up to that language and they promised in that language Not just to waive the conflict but not to raise it as a basis for disqualification and so I think that it would be you know, really a Disrupt the the kind of contractual relationship between the parties if you were to somehow You know look askance at that at that at that express waiver And so we think that that even if there were an actual conflict it was it was waived by that letter I understand that argument, but putting that aside It does the fact that Warren pumps is now Closed it's a matter that that would not Remedy an actual conflict. It's assuming there was one. I think that's I think that's probably fair because I think that the right Point in time at which to analyze the question is that at the point of appointment? I do think though that it should color your consideration of the case more generally as a practical matter I think it confirms that really it's it's if anything a technical but irrelevant conflict I also think it might inform your discretion When you're deciding whether to address the forfeiture argument which we think it's the most straightforward way to resolve this case and if you have the discretion to address that forfeiture argument and One factor that might play into that discretion is the fact that this Warren pumps thing is over. It's not it's not a real Concern. Let's make one last point on the forfeiture point because I think my friend on the other side indicated that his primary argument with respect to that is that is that neither you nor the district court have the authority to Rule on the forfeiture argument because the bankruptcy court didn't rule on it. I just respectfully my friend I would disagree with that and that's inconsistent with how courts deal with these kinds of issues all the time The Supreme Court just a year or two ago Resolved the case United States versus Sinai Smith where they expressly said that that an argument that had been That had been passed upon directly by the Ninth Circuit Had been waived and they decided that part of the case on waiver grounds I myself was involved in a case in the Second Circuit I have had versus Hoffman LaRoche about two years ago in which judge Sullivan when he was on the district court Resolved an issue on the merits We pointed out that it had been waived and the Second Circuit agreed with us and said it was waived It didn't address the issue on the merits. There's another example I can give you I think from the Eighth Circuit United States versus Taylor. So courts regularly look at those issues They do not apply an abusive discretion standard They do not say that that, you know The decision by a lower court to go on and reach a forfeited argument is subject to abuse of discretion Reviews that such that an appellate court reviewing that needs to conclude that there was an abuse of discretion You know this argument about forfeiture was fully preserved in both courts below by our side And so it's absolutely on the table and it's a very clean way to resolve this case Although it may be that the panel wants up to clarify the law more generally beyond this the forfeiture issue here Thank you, thank you Good morning, your honors. May it please the court Ed Heron on behalf of the future claimants representative who was also my law partner James L Patton jr I get the sense that the court may have a few questions for me But I would like to kind of sum up our position if I may Essentially, we believe that the insurers Who signed? young Conway's engagement letter have either Forfeited or waived their right to bring this appeal For those insurers who were not parties to the engagement letter. It's our view that they lack standing To pursue the issues that are before the court How do you say they like standing given Congolians very broad sweep Regarding people raising things Disqualifications your honor. I'm pleased you asked me that question Congolian was based on very specific facts and I think the heart of the courts concern in Congolian Was issues unique to prepackaged bankruptcies? Congolian cites, I think repeatedly to combustion engineering Which was really the first time the court considered 524 G in the context of a prepackaged case And noted the peculiarities of that process the lack of transparency in that process which weighed in favor of giving parties who maybe were unable to raise issues at the bankruptcy court level to still participate in the Teleprocess We don't think that Congolian fits here. In fact Congolian itself recognized that parties may use disqualification strategically We think that's what the insurers are doing. Well, what if what if there were? Real records here as to all the things that young Conway did in Warren pumps And they seem to be directly opposed to what they have to be doing in representing the future claimants You're saying that someone would raise that on appeal to us and argue it and we would say up Too bad no standing you're out of here. What do you really do that? Well, your honor first of all, we believe that if that record would fully were fully disclosed It would show that young Conway's role and and Warren punts was very limited. Well, that's the other thing I'm wondering why that isn't before us any contention on your part I mean, I assume you're going to say well the burdens on them to tell what the conflict is But why wouldn't you at least assert that so that would put them to the test of saying? No, we don't agree Assert the nature of the representation assert that you didn't do, you know, they said confidential information privileged information now granted It's a lawyer's argument. It's not we don't have it as any actual affidavit But I'm surprised there wouldn't be something from from young patent that would that would say We didn't I mean young Conway that would say we didn't get Confidential and correct hiring air information, etc. We are we try to be very careful in responding to the insurers allegations Without actually the scope disclosing the substantive nature of our work in Viking pump Which do you think would have fed into their accusations that our bankruptcy group was sharing information with the folks in the coverage? We're going to characterize that would put them the burden of putting you know, giving things in camera to the bankruptcy court You know confidentially the we did note in our briefs the modest fees that were generated from that engagement and We did note that the extent there were coverage issues those coverage issues were resolved in 2018 Prior to mr. Patton becoming involved in the embers case if you reviewed the Viking pumps record, you would see that the only issue remaining in that case is The determination of statutory interests So really there are no coverage issues remaining by the time. Mr Patton became involved in this case, but but young Conway had a very limited of any role in coverage issues And to be clear there are no coverage issues involved in In the disputes regarding insurance in this case My friend alluded to coverage disputes in the embers case Geronimo should be aware that the embers case Involves about a hundred years of corporate history over 100 insurance policy over 100 insurers over 700 insurer policies The embers talc mines were owned by different corporate entities over the course of time the only issue that's live relating to insurance in the embers case is Whether the bundle of assets embers acquired when it acquired the mines Included the rights to the predecessors insurance. There's there's no Policy interpretation going on in the embers the bankruptcy case In fact, I believe it was judge Randell who noted that the common practice and the practice that's embodied in the embers plan here Is for that insurance to be transferred to a trust in whatever form the debtor finds it Trustees will to pursue that insurance not the role of the future claimants, right? Your claim plays frequently plays the role of FCR. I so would you address what the standard for an FCR should be and Between the polls of the courts that have talked about it as disinterested versus Guardian ad litem, whatever that means in substance. Yes, your honor. Thank you for that question I would note you are correct. We've made a practice out of the future claimants work and in many of these cases I would note for the record of the few cases with which we are not involved those include combustion engineering and Condolium which that was some to savor this court But what should the standard be? I agree with the articulation of my friend. Mr Martinez of what an appropriate standard would be if his court Decided that guidance was necessary for the bankruptcy court Traditionally, it's been the disinterestedness standard which we believe and I believe judge Silverstein found. Mr. Patton would meet And that the case law has recently evolved into a guardian ad litem standard with mr. Patton also met according to judge Silverstein, but we do agree with mr. Martinez what an appropriate standard would be courts should understand Whether there are any conflicting interests which may put the future reps duty of loyalty at issue and make an evaluation of whether or not those those adverse interests are material or Technical as mr. Martinez said should also understand the Attendance experience with bankruptcies mass tort insolvencies Specifically and the court should take a close look at whether or not the candidate was involved pre-petition Of course, we don't view that factor as disqualifying and again We took guidance from combustion engineering which actually criticized the parties For not involving a futures rep in the process early enough But the court should consider why was a futures rep? Involved in the case before the filing and and and whether that is beneficial to the estate or prejudicial to the estate and the bankruptcy court is best suited to do that and there are parties and interests such as the trustees office and the creditors committee who have a vested interest in determining that The proposed future claimant rep is the right person for the job It's our view, but would you say the qualities that were outlined in Fairbanks perhaps without calling it Guardian item are the qualities that the court should look for Yes, your honor. I would we would agree with that So we don't need the name. I think that's correct. And and If I may just to follow up on the notion of the extent to which the court should consider the pre-petition involvement That goes to the issue of appellate standing So perhaps in the in the prepack context, which is not what we have here But if there was a fully baked plan that was in front of the court Which precluded parties from weighing in on the appropriate of one issue or another including a futures rep? precluded the parties from proposing additional candidates and in fact in this case the judge left open the opportunity and noted that she would welcome additional candidates if That were the case Maybe additional scrutiny in a form of broader appellate standing would be warranted But not here departing from the prudential requirements of party aggrieved provides insurers an opportunity to engage in great mischief in all of these cases a Reserving the value of the entity theoretically and by so doing your maximize the assets the value of the assets available for future claimants and other creditors the interest of the parties with a financial stake in the outcome of the proceeding the creditors and the company are aligned an efficient and quick case Insurers issues are diametrically opposed their interest are diametrically opposed to that We all know the insurers business model is to hold on to your reserves as long as you can and generate return insurers have capitalized on the standing ruling from Congolian to Interject themselves into every portion of a mass tort case. I think in the Congolian opinion itself the court noted That allowing given the myriad of parties in the myriad of interests, which are just exacerbated in a mass tort case Allowing every party who has an interest in the case regardless of how tangential to the issue before the court To participate in appeal and appeals is really contrary to the notion of judicial efficiency and economy your friend Mr. Martinez said that for forfeiture is the cleanest way to go here. I posited to your friend across the aisle that the involvement of Both both Melvin II and young Conway in the Warren clumps case was so extensive That perhaps you could say they made a conscious decision not to pursue disqualification in their first objection Would you comment on that? We run our mom, of course, I'm not privy to all Melvin ease thinking but I think the record in this Case is fairly clear That young Conway does not have such a relationship relationship with old Melvin a that they cut To use a general, you know that they'd cut us a break in pursuing a conflict their behavior here shows exactly the opposite They're pursuing a conflict for strategic reasons. They're really unrelated to any issue in the case But you might say they didn't pursue it initially for strategic reasons I mean, I I don't know one one can speculate and I don't know why they did or didn't do it But we understood, you know that that is why for firms like ours who are routinely involved in bankruptcies We rely on prospective waivers This was a very specific waiver negotiated between sophisticated parties both of whom are routinely involved in these kind of cases so You know why or Melvin II did what it did I can't say it was our expectation based on the waiver which not only included a waiver But a covenant not to raise this issue that we would never hear from them Now, mr Martinez also said it's really it's not the consent of the future claimants that that is lacking here that should be determinative of Waiver because you know both parties usually but we're back bankruptcy court but has any court examined the waiver issue and looked at the predicament of having a waiver where You have unknown parties whose interests are basically being waived We certainly haven't identified any opinion on that issue in the 524 G Yeah, I'm sure you would have put it forth. Yeah but you These are these waivers are held routinely and in cases. Yes, your honor I believe in the judge Silverstein noted that these waivers are commonplace and insolvency proceedings and In fact if the core with FCR with future claimants is the key This is so young Conway and we negotiate these waivers with with all of our commercial clients and We're particularly Subsequent to this unfortunate predicament. We shy away from insurance work in general But I'm not aware of this type of waiver having even been put at issue in another 524 G case But the I'd like to make crystal clear to the court that are that the The conflict here to the extent it exists at all is purely technical The coverage work in Viking pumps has concluded there is no coverage work in the Emirates case We were one of many Local councils, which is common practice in Delaware We had very nominal fees and there's no dispute in the record that None of the attorneys that young Conway who are involved in the Emirates representation including. Mr. Pat never had any role in the Viking pumps dispute and just a follow-up note on the Pop note on the on the waiver or this court to disregard the waiver It would have several unfortunate consequences As I say, it's commonplace in bankruptcy To utilize such a waiver given the myriad of parties and issues who are involved in every case and in essence if the court were to Determine to not give any weight to the waiver You would you would be creating a category rule which said that large firms Who have ever represented insurers or in fact ever represented creditors? In matters and insurers and creditors who are parties in a bankruptcy case, but the representation was in an unrelated matter Lawyers from those firms would be categorically disqualified from acting as FCRs We think that would be to the disadvantage of future clients one of the factors that judge Silverstein noted was the importance of experience Well wouldn't wouldn't be categorical disqualification. It's just you don't credit the waiver. You look to whether there really is a natural conflict I Agree wrong, but you're saying there might be an actual conflict and yet it's waived. I'm saying that if you Did both ignored the waiver and it ignored the facts of and then and then found a conflict back Based on the facts of this case Where the where the conflict is technical at best But that would in essence be a per se rule Thank you, thank you Thank You're all I know We've all spoken a lot already appreciate the additional time just a few points first The idea that this is a technical and irrelevant conflict. I think is just incorrect. I I don't disagree with Mr. Martinez my friend. Mr. Martinez that you should think about what a future claimant would think If he knew that somebody who was supposed to have under a lot the undivided loyalty to them at the same time was the best That was supposed to have undivided loyalty to somebody else. I think they would probably be displeased by that especially when the this is an unrelated case the the arguments that they were making that young Conway was making in that case and the Clients that they were representing were making in that case Are directly adverse to the future claimants in this case because those in that case we want to minimize insurance coverage in this case They want to maximize A future claimant would say well Okay, what did you what did you do for them? No, I know that especially with mr. Patton's credentials He's done this before he's very qualified to upset the apple carton and look for somebody else, you know Well, let us know exactly what you did for them and then we'll decide whether we have a real problem your honor I don't think so That's precisely that's precisely why actual conflicts don't require anything like that If you have an actual conflict you're disqualified absent a waiver from from both sides So my friend said that that would disqualify everybody wouldn't disqualify everybody that doesn't insurance work It would only disqualify somebody who is currently representing Clients that are adverse to to the future claimants now on the question of the standard So it seems to me very strange. We we have an automatic Disqualification standard under rule for 327 a waivers don't apply and that applies to people like accountants that are hired by the trustee What sense would it make to have a rule that would automatically describe disqualify an accountant or a lawyer that works for the trustee? Regardless of a waiver, but that same rule or a more stringent rule wouldn't apply to an FCR Who's actually binding absent class members that seems to me to make no sense at all Now the disinterested person standard just really quickly on that one That's not a standard. That's not like a default standard in the code That's a definition and Congress defined the term disinterested person and Congress uses that term throughout the code throughout the code in 332 a 333 a 2a and the like and when Congress uses the term Disinterested or disinterested person the definition applies, but Congress didn't use that in 25 24 gene It would be very strange again to use a lower standard to the extent that standard is lower than what would apply to lawyers for the trustee and the like or accountants When we when we consider whether there is a Substantial similarity our cases are substantially related for purposes of the actual conflict We're looking at whether it is Actually the same issue Or whether there's that substantial risk of confidential information Being shared in terms of being that the same issue Your your colleague has said That the coverage issues were resolved well before the appointment. So are we really dealing with the same issue? No, that's certainly not true there one issue Let me just highlight one issue in particular one issue that was an issue of warm pumps Was that the actual insured was somebody that was not Warren pumps and there's an anti-assignment clause in In the in the insurance policies and the question was whether the assignment to Warren pumps of the policies was effective in the court Said they were young Conway argued that they were, you know My client said young Conway represented argued that they weren't and the insurers lost that argument in Warren pumps The same thing is happening here The Emirates is not being sure under these policies Cyprus is and the argument is that Cyprus Assign the policies to Emirates and we have exactly the same argument that those assignments should not work and now they're on the other side of that Where is that in the record? Where is that in the briefing? Well, it's any description of that before us. Thank you. There's no order assignment of claims in the same issue It's in it's in mr. Most decoration he says more than one corporate entity asserts a claim to insurance policy proceeds The fact that more than one corporate entity asserts a claim to the same insurance policies I don't think that happens all the time That's a it seems to me that that's a pretty rare occurrence and occurred in both these cases But I would just I would just say that if you don't so we think the the the prospective waiver doesn't apply Because they're substantially related the cases are substantially related But let's say you disagree with that Our argument is that there is a legal rule that for there is a legal rule under 327 a and our argument that there is that there is a sequel similar legal rule that would apply to an FCR that renders that kind of waiver Ineffective when you're talking about an FCR and it seems to me that their argument relies on the proposition that You can mr. Patton needs to be the FCR There are plenty of other people that could be the FCR all the district court Excuse me, the bankruptcy court has to do at the outset is Figure out whether there is a conflict. They say you should just leave it to the court but why would you leave it to the court in the case of an FCR who's binding future claimants and not in the case of an accountant or a lawyer under 327 a it seems to me if it if a if a district court you know Certified a class again as I said where the name plaintiff is adverse to the 327 you're still leaving it to the court. It was sure that the person is disinterested So it's and the unconflicted your honor and this court has had the held that waivers don't solve a conflict So if there's an actual conflict as there is in this case, there would be an automatic disqualification Oh, so that brings me to the point of standing. They say that there's no standing here Because we waived at our side of the conflict and I'm not sure I understand what that means Our standing is because two of our clients are being essentially sued by their own lawyer is our own injury Are there are they have a merits argument that the that the waiver waived that conflict? There's no such thing as waiving a side of the conflict. Either the waiver is effective or it isn't It's not effective because under 1.7. You need a bilateral waiver it's not effective because under 327 a no waiver counts and we don't understand why a Legal standard that's less stringent would apply to an FCR than it would to again, you know any professional that's hired by a trustee in the last one on forfeiture, I Can't imagine what? Strategic reason there would be for us not to object to mr. Patton. We already objected to mr Patton just not on this ground because we didn't know about this ground. I know your honor. You don't believe us I'm just saying we didn't know about this ground and and it was in the discretion of the bankruptcy The only question here is whether we kindly filed the objection under the bankruptcy codes Courts own internal rules. Mr. Martinez cite the Supreme Court case Of course, the Supreme Court has certiorari jurisdiction and they can decide whatever issue they want I don't know what the Second Circuit case or the Eighth Circuit case held But I would be very very surprised at the issue. There was that the lower courts only internal schedule Was altered by the court itself not some claims processing rule in the statute Not only the bankruptcy rules are under the rules of civil procedure but the but the bankruptcy courts own decision to extend its own deadline based as the bankruptcy said Courts that it was on a supplemental declaration would result in in a waiver. That's it or a forfeiture That seems totally implausible to me. Thank you very much Sorry, what one final question sure, it's mr. Schiavone is involvement Warren pumps and in this case, why isn't his knowledge to be intruded to you and your clients? Because I think it's totally reasonable to To rely on disclosures, right the disclosure again talked about in cases about environmental liabilities We're in pumps isn't one now There are a lot of cases going around and you know I don't think that lawyers should be required to remember all the law firms that work on all of them But again, even if you disagree with that It seems to me that all we're talking about is whether the bankruptcy courts decision to extend its own case management Deadline was an abusive discretion and I can't imagine why it would be especially when the bankruptcy court said that the reason it was doing It is because of mr. Patton supplemental disclosures So the bankruptcy court obviously thought that they were they were relevant and then I can't imagine how that could be an abusive discretion Do you take any position on Whether the court Invite the input of the trustee as to the applicable standard Leave that up to the discretion of the court We thank counsel for a excellent excellent briefing and argument today We would ask the transcript be prepared and the parties put the cost and we will take the case under advisement